We'll hear Coleman v. City of New York Good morning. May it please the court, my name is Michael Mangan and I represent the appellant Vincent Coleman on this second appeal before this court from a summary judgment in the district court. Two questions on this appeal that must be decided today are one, whether or not dismissals by a prosecutor voluntarily made of felony assault charges was a favorable termination to Vincent Coleman and secondly whether or not on this to the two felony assaults that the two felony assaults is that right that's correct yes the two felony assaults that were dismissed voluntarily by the prosecutor in May of 2009 and they're taking the position that that was a mercy dismissal and therefore it was favorable that's correct they're saying that this is an exception to the general rule that a dismissal of voluntarily dismissal of criminal charges that can't be resuscitated or brought back would be would be inconsistent with innocence. What they're saying here is that you know it was just too much I mean you know that the assaults were this was too heavy a charge to bring and they didn't want to pursue it and you know that the misdemeanor was in there and you know they went overboard the prosecution went overboard with these charges. Well that seems to be their theory yes and that's why doesn't that make sense I mean if there's a theory is that there was an intentional infliction of you know an assault on this particular officer by the driver of the car then that could sustain a felony and it could sustain a misdemeanor and granted all it did was hit her and then she fell down according to the according to the evidence that the government government advances so why why does that make sense that they just decided not to press those charges because they were too heavy in this case. Well your honor I think for the one reason because they were very serious charges and they are heavy as you've just stated it seems unlikely that if the prosecutor actually believed that this individual had intentionally struck a police officer performing her duty with his motor vehicle with the intention of harming her that he would be so willing to dismiss these charges that those are heavy charges and those are things that ordinarily I would think should be prosecuted to the fullest. The problem however and the reason that there are inferences that can be drawn the other way certainly is that these were unindicted felonies this this was four months after the incident so that means that the defendant was required to waive or consent to waiver over some period of time in order to keep those felonies alive before they were going to be dismissed either that or they were going to have to be presented to the grand jury but what's most important and what this court has already decided in the on the first appeal was that that it's very possible or at least it is possible enough for a reasonable jury to determine that those assault charges were fabricated because there was no probable cause that's the court last time first appeal found that that was a question for the jury so then if a jury could find that those assaults were fabricated and there was no probable cause it would be completely inconsistent then for this court now to find that that it was a mercy dismissal Aren't we supposed to follow New York law on this? New York law says in words or substance that a mercy dismissal is not is not inconsistent with with guilt and that and that it is not a it is not a you know a favorable termination. You're arguing that that doesn't make very much sense what good would it be if I agreed with you if that's New York law? Well your honor I think that it is consistent with New York law I think that what there has to be. You're questioning whether it's a mercy whether it was a mercy dismissal. I'm stating that it wasn't a mercy dismissal. That's what the record shows. But I think that the record doesn't show enough first of all as far as what these. What specifically in your view does the record show on the reason for the dismissal? Well what's stated by the prosecutor. There's no statement made by the judge. So what this what the prosecutor says. It's a first offense. He says it's a first offense. He says that there was no quote-unquote serious injury which would not necessarily be an element of this type of assault and that the and that the police officer was amenable to the dismissal. That's what he's saying. And your client's taking the position all along that this was just made up that he didn't hit the woman. That's correct. That this is a these are fabricated terms and this are fabricated allegations. But she went to the hospital. She did go to the hospital although there's now there's a lot of discrepancy and this court's already found that there was internal inconsistencies. Did she go to the hospital out of spite? Yes absolutely. I think that in these circumstances after an officer has made fabricated allegations which this court has already found is a possibility that a reasonable jury could find that. Then certainly she would have to go maybe a step further. However if you look. The prosecution was going to dismiss this under you know under a ruse which is essentially what you're saying and say that it was for mercy but it wasn't. Why wouldn't they have done it also with the misdemeanor assault count involved the same conduct? The misdemeanor account exactly. It involved exactly the same conduct but there was never a conviction. That case that was no conviction but I'm saying it would make your argument would might make more sense if they had also agreed to dismiss the misdemeanor account for the same reason because you know they didn't want to prosecute it because it was a bogus count but but they kept it in at that point. Your consistent with what I'm saying because they because the prosecutors never actually prosecuted any of these charges. In fact it was never put before not only a grand jury it was not before put before a motion court on a dunaway hearing and it was not put before a jury. So these were never tested. In fact they were dismissed in entirety on 30-30 speedy trial grounds. How do you let's assume a hypothetical arguendo that this was not a it was a favorable termination. How do you get around the deprivation issue? The deprivation of liberty issue well that what what the defendants or the city has been arguing about that is that there should be a standard applied called an what they're calling an independent deprivation of liberty. However the way the jurisprudence is operated in this court including the Walker case and following general precepts of common law in in application of tort principles a proximate cause would be a more appropriate standard to use. In fact if you look across the country and you do a search. Doesn't Albright say that you have to have the the you have to show an independent deprivation? No it does not your honor. In fact there's no cases not certainly not in this circuit and and there's no there's no circuit cases in the country that I found that applies a quote-unquote independent. That was the basis and then for the rule and that this Genetka case was the limited exception to that rule where the larger counts of no merit may be tacked on to other accounts that do have merit little counts that do have merit and and that could be a malicious prosecution of those those counts notwithstanding the fact that there was would have been no independent deprivation where you have that kind of a situation. You're arguing I think that that that would apply in this case I'm not sure it does. Well your honor actually the Genetka case was decided in 1989 before the Albright v. Oliver and Singer cases and so it wasn't until Albright v. Oliver that the prosecution in a in a constitutional setting required a deprivation of liberty. It was a it was grounded in the Fourth Amendment and and what with the Genetka case decided is it decided favorable termination. It said even though you had a an acquittal on one count right and it stated a policy it stated a policy saying that. What is the rule that you're advocating that in your view applies and controls here with respect to? For deprivation of liberty. The rule that I that I argue applies is that it's approximate cost. The question is whether or not fabricated evidence that has been put forth by police officers could serve as approximate cause of the deprivation of liberty. Not necessarily the entire basis because obviously there are other charges for which there was probable cause but remember there was 14. I don't understand how that rule would be workable. Would you have a have a proceeding or a trial where the prosecutor's called, where the judge is called? How would you adjudicate that? On the question of deprivation of liberty I think that a jury could make those decisions itself. A reasonable jury could by drawing inferences as to why it was that a case was not dismissed over a long period of time. You'd have to call not only the prosecutor but presumably the prosecutor's supervisors who influence the decision about what to charge and which charges to maintain? It's an excellent question, Your Honor. Well I should say that that's a question that I've been grappling with myself but I believe that it wouldn't be necessary. I believe that on this record and through the testimony of the witnesses who were involved, not the prosecutor, but their supervisors. Well I understand the but at the end of the day we would have to fashion a rule that applies to other cases and I'm not entirely clear what the elements of that rule are. Perhaps I can . . . You say it's approximate cause and that's a tort standard which is typically something for a trial of fact. That's right, Your Honor. I think that typically some of the analysis, the way it goes, it looks to see whether or not the dismissed or the fabricated or false charge was a higher charge, a top charge. Because if it was a higher count, for instance, that may have an influence over the deprivation of liberty, whether it was to continue with the prosecution. And if you look at the cases Zahri and the recent case from last year, Hoyos, there is questions, especially in denial of fair trial analysis, about whether or not there's a proximate cause between fabricated evidence and the deprivation of liberty. In other words, if in, for instance, in this case I would argue, and I am arguing, that because of the seriousness of the nature of these charges, the assault against police officers, the prosecutor would be less likely to dismiss those charges on his or her own. In fact, they were run to the very end and dismissed on speedy trial grounds without ever seeing the light of day. And the likelihood . . . Well, they weren't . . . all the charges did not necessarily relate to the assault. There were other charges in there that had to do with traffic violations and the like. And they stayed in. Those misdemeanors stayed in there. And he was required to go to court . . . everybody, you know, there was no independent . . . I mean, deprivation of liberty was caused by those. Now, you know, there was a . . . if the assault had not been in the case and they had charged him for these other offenses, they would have . . . he would have had the same deprivation. Your Honor, I believe that because of the nature of the assault, that is a police . . . a vehicular assault against a police officer, that that wasn't so easily dismissible or compromised by the prosecutor. And for that reason, they kept this prosecution going until the bitter end, until it was finally dismissed. I mean, just the length of time, there were 14 different appearances in this case. What is the rule? What is . . . if you were going to articulate the rule that would . . . the holding in an opinion that ruled in your favor on this point, what would that rule be? I mean, it seems, as Judge Parker has pointed out, very hard to . . . it's sort of like, well, that's what should happen in this case, but it's Q has said he got fat firing and a misdemeanor assault. any trial dismise he would correct?  . document? It was a criminal court complaint, Yes Your Honor. There was nothing beyond that? There was no information filed? Not As far as I am aware, the criminal defendant, now plaintiff, did move to dismiss those charges, the criminal court found they were facially sufficient. It has motion practice but as Mr. Mangan suggested It never went to a jury, that's correct, but the case law doesn't require a prosecution to go to a jury under these circumstances. Now this court's decision in Walker really is on point here. There were two robbery charges there, sorry, two burglary charges there and the plaintiff hadn't suffered a deprivation of liberty of the one that he received a favorable termination on because he was ultimately convicted of the other robbery charge. Now here Mr. Coleman avoided a conviction but the same principle applies. The importance of the conviction Well, he avoided a conviction because the prosecution basically either withdrew or neglected all the charges, didn't seem to be interested in any of them. And as for the adjournment and contemplation of dismissal, that may be unfavorable, but it's not at all clear that that couldn't have been happily obtained many months earlier. That's right. The question becomes whether the scenario here is not, it is consistent with there being no malicious prosecution, but it could be consistent with there being malicious prosecution because the prosecution was controlling everything. The charges that were brought, the charges that were disposed of, the charges that were neglected. Except that this court has already found that at least two of these misdemeanors were justified. That's the significance of the conviction in Walker, is that it establishes that the time that the criminal defendant was deprived of liberty was undisputedly justified by other valid charges. So here we would submit that Walker does control, and my final point would be that Mr. Coleman. All these may have been valid charges, but all of these charges were either withdrawn or neglected. Then it's up to the plaintiff to show that he suffered a deprivation of liberty as a result of the one remaining charge that he claims would be malicious. And he hasn't done that on this record. Mr. Coleman also should not be allowed to amend at this stage to add a denial of a right to fair trial claim. There's been no motion. This is suggested in his reply brief, that he should somehow have a new claim that was not pled, that was not before the district court, that no discovery was on. This is far too late of a stage for additional claims to be added, and that claim would fail for the same reason anyway. Thank you, your honors. Mr. Mangan. Just to respond very briefly to some of the points made by counsel. First of all, the question of the burden of proof being on the plaintiff to establish all the elements, that's absolutely true. However, in a question for favorable termination, when the argument is being made that there's an exception to the general rule for favorable termination, that burden would belong to the defendant to make. And on the record, that is the May 28th- To prove what? To prove that an exception was fit, in other words, that it was a mercy dismissal. That the prosecutor believed that there was a meritorious charge and nonetheless dismissed it outright. In this case, there are inferences that go in both directions. Certainly, a reasonable jury or a court could easily determine that it was a favorable termination, especially because a jury could decide that the charges, the allegations were fabricated, the assault charges were fabricated. The next point I just want to mention is the Walker case was spoken about a moment ago, and that case is very much different. It was a pro se plaintiff who had been in custody on unrelated burglary charges when he was finally charged for burglary charges. Suppose you went to a trial and the jury believed your client, that he didn't hit anyone, that the charges that the arresting officer made up were fabricated with respect to the vehicular assault charge. How do you get from there through the favorable termination gate with respect to the other charges? Well, getting through the favorable termination gate, I think, would be relatively simple. Because if a reasonable jury could believe that they were fabricated charges, certainly a reasonable prosecutor could believe also that they were not viable charges. And that he had no choice but to dismiss them as felonies and to rely only upon a misdemeanor assault that eventually was never tried. But there's probable cause for the misdemeanor charges. Not only assaults, your honor. The other answer was, there were valid charges, so- Two, there was obstruction of the government administration. So how do you- Fleeing reckless endangerment. And then the unlawful fleeing. That's right. So, well- Let's say we get through all the assault charges. Those are the charges that are left. Right. The people would say, well, that's the reason for the court appearances. That's correct. So that's the reason for the deprivation. The assault charges were not the, which, okay, you want on, were not the reasons for the deprivation. That's- What do you say to that? That's what they would say. Yeah, what do you say to that? Well, what I say is what this court already does. It's made explicit in the cases having to do with denial of fair trial. That a court can do the same analysis. That is determine whether or not fabricated evidence was the proximate cause of the deprivation. And I think the way it would be done is if that false evidence, the fabrication, was significant enough factor to lead to additional deprivation. Because we know already that there was probable cause. It would have to be that there was no, there would have been no, absent these charges, absent these assault charges, there would have been no deprivation at all. Because the case would not have, would not have been brought. And that, that, that's what you have to argue, isn't it? Judge- Because as long as he had to go to the other 11 appearances to deal with the ones that there were, for which there was probable cause, and until they were ultimately dismissed, he, there was no independent deprivation. He was, he was being deprived by, by charges that were valid charges at that time. Judge- Your, your honor, it's, it's a, I understand, I, I think though, I think that certainly what we're arguing is that these, because the assault charges were very serious, they controlled what was happening in the prosecution. Judge- This goes back to the point where you're saying that they controlled it. A jury would have to find that these other charges would not have been brought. And because otherwise, you lose. Otherwise, there is a deprivation, independent deprivation on the basis of those charges. Judge- Well, if a jury could find that, that the prosecutor would be more likely to compromise or dismiss the obstruction of governmental administration and the, and the VTL charges. If, if, if it, but for the fact that there was an assault against a police officer charge, then it could easily be, they could easily also say that there was an additional amount of deprivation of liberty caused by the assault charge. So that, though ordinarily these cases for, for obstruction of governmental administration or for reckless driving may be dealt with and have a dispositive resolution within a matter of a few months. This case went on for almost two years. This may be a detail, but what happened with the forfeiture? Judge- The forfeiture was also, it was dismissed. Judge- Did he get his car back? Judge- That's the question. Judge- He had a, he, he, it was, it was dismissed. He was, I don't know that he actually took possession of the car, but I know that he was, it was available to him after that forfeiture action was dismissed. Judge- And what, and what, how long, how far into the case were the felony charges dismissed? Judge- They were dismissed in May of 28, so the arrest took place, I believe, on the 15th of January. And then those felony charges continued, which during this period of time, there could have been a dunaway motion or something else. So those charges continued until the end of May 2009. Another point, Your Honor, is this, the, Mr. Coleman had made a motion for a dunaway hearing, that is a probable cause hearing. Had that been heard, and by the prosecutor or the police officers had made their schedules available for such a hearing, there could have been a determination that there was no probable cause, at least so far as the assault charges. Judge- And a dunaway hearing would have addressed the question of probable cause with respect to all of the charges? Judge- As respect to all, but it would also have included, obviously, the assault charges. That motion was never heard. There was never a witness presented for that, nor was there ever a trial, and everything was dismissed. Thank you. Thank you both. Thank you. We will reserve decision.